UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOSHUA LEVI ALGER, SR.,

        Plaintiff,                      Case No. 1:21-cv-412

v.                                         Hon. Hala Y. Jarbou

RICK SNYDER, et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a former Michigan and current Colorado prisoner under 42 U.S.C. § 1983.  Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

I.    **Factual allegations**

Plaintiff is presently incarcerated at the El Paso County Criminal Justice Complex in Colorado Springs, Colorado.  At the time he filed his complaint, Plaintiff was housed with the

Michigan Department of Corrections (MDOC) at the Macomb Correctional Facility (MRF) in New Haven, Macomb County, Michigan.  However, the events about which he complains occurred while he was housed at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan, and the Earnest C. Brooks Correctional Facility, (LRF) in Muskegon Heights, Muskegon County, Michigan.  Plaintiff sues the following Defendants in their personal and official capacities:  former Michigan Governor Rick Snyder; former Colorado Governor Unknown Hickenlooper[1]; MDOC Director Heidi Washington; MDOC Deputy Director Unknown McKee; ECF Records Office Supervisor Tina Sawyer; LRF Records Office Supervisor P. Benson; LRF Warden Shane Jackson; the Muskegon County, Michigan, prosecutor (Unknown Part(y)(ies) #1); the El Paso County, Colorado, Sheriff (Unknown Part(y)(ies) #2); El Paso County, Colorado, District Attorneys Brent Nelson and Stephanie Redfield; and El Paso County, Colorado, District Judge Larry Schwartz.

   Plaintiff alleges that, on February 17, 2017, he was serving two Michigan sentence that were imposed by the Muskegon County Circuit Court on June 10, 2013.  On March 1, 2012, Plaintiff pleaded nolo contendere to one count of assault with intent to commit great bodily harm less than murder (GBH), Mich. Comp. Laws § 750.84, and one count of aggravated domestic assault, second offense, Mich. Comp. Laws § 750.81a(3).  Plaintiff admitted at the plea hearing that he was a third-offense felony offender, Mich. Comp. Laws § 769.11, though he declined to admit he was a fourth-offense felony offender, Mich. Comp. Laws § 769.12, as the prosecutor contended.  The dispute about prior felonies revolved around whether Plaintiff was actually convicted of an offense in Colorado, where he had been found guilty but had not been sentenced.  At sentencing, the Muskegon County Circuit Court concluded that Plaintiff had three prior felonies

---

[1] Plaintiff spells the former governor's name "Hikenlooper."  The former governor, now senator, spells his name "Hickenlooper."  The Court will employ the spelling used by Senator Hickenlooper.

and sentenced Plaintiff on June 10, 2013, as a fourth-offense felony offender, to a prison term of 9 to 25 years. *See* Michigan Offender Tracking Information System (OTIS) (search "Alger Joshua"), https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=376096 (visited Dec. 7, 2021); *see also People v. Alger*, No. 322473 (Mich. Ct. App.) (electronic docket), https://www.courts.michigan.gov/c/courts/coa/case/322473 (visited Dec. 7, 2021). Plaintiff sought leave to withdraw his plea and subsequently appealed his sentence. On March 2, 2017, on remand from the Michigan Supreme Court, the court of appeals remanded the case to the circuit court to resentence Plaintiff as a third-offense felony offender. *People v. Alger*, No. 322473 (Mich. Ct. App. Mar. 2, 2017), https://www.courts.michigan.gov/4a47c3/siteassets/case-documents/uploads/opinions/final/coa/20170302_c322473_92_322473o.opn.pdf (visited Dec. 7, 2021).[2] The circuit court scheduled resentencing for September 26, 2017.

Plaintiff complains that he sent a letter to ECF Records Office Supervisor J. Mucha (not a defendant), inquiring about the existence of a warrant or detainer issued by El Paso County, Colorado, and asking Mucha to invoke the Interstate Agreement on Detainees Act (IAD). Mucha responded in a memorandum issued on March 2, 2017, that there was "no outstanding charge, detainer, or warrant from Colorado at this time." (Compl., ECF No. 1, PageID.4.) Plaintiff also wrote to Defendant Sawyer in August 2017 and to Defendant Benson in September 2017, expressing concern about the possible existence of a warrant or detainer from Colorado.

---

[2] Prior to the March 2, 2017, decision, the case had a protracted appellate history. The Michigan Court of Appeals summarily denied leave to appeal on December 1, 2014, but the Michigan Supreme Court, in lieu of granting leave to appeal, remanded to the court of appeals on November 25, 2015. On June 16, 2016, the court of appeals issued an opinion vacating the plea-based convictions and remanding the case to the trial court. *People v. Alger*, No. 322473 (Mich. Ct. App. June 16, 2016), https://www.courts.michigan.gov/4a47c3/siteassets/case-documents/uploads/opinions/final/coa/20160616_c322473_77_322473.opn.pdf. The supreme court, however, vacated the court of appeals' decision insofar as it vacated the plea on the basis of a defect in the plea proceedings, and it remanded the case to the court of appeals for consideration of a previously unaddressed issue. *People v. Alger*, No. 154247 (Mich. Feb. 3, 2017), https://www.courts.michigan.gov/4a47c4/siteassets/case-documents/uploads/sct/public/orders/154247_84_01.pdf. The March 2, 2017, opinion of the court of appeals constituted the final appellate decision.

Plaintiff's concern in making these inquiries arose from the fact that, in October 2011, he was found guilty in the El Paso County, Colorado, trial court on one count of sexual assault. The case was set for sentencing on February 12, 2012, but Plaintiff did not appear. Plaintiff notified the El Paso district attorney that he was in Michigan and had turned himself in on the Muskegon County GBH charge. The Colorado court issued a warrant. On October 21, 2013, an ECF official demanded that the El Paso district attorney engage in a speedy disposition of the detainer (the warrant), and the El Paso County district attorney thereafter arranged for Plaintiff's return to Colorado for sentencing. On April 14, 2014, the El Paso County trial court sentenced Plaintiff to a prison term of six years to life imprisonment. Plaintiff appealed, and on March 10, 2016, the Colorado Court of Appeals reversed his conviction. Plaintiff was supposed to be retried within six months of the appellate decision. (*Id.*, PageID.48 (citing Colo. Rev. Stat. § 18-1-405(2)).)

During early 2017, Plaintiff corresponded with the El Paso, Colorado, trial court and district attorney, inquiring about plans for the retrial. On February 10, 2017, the court issued an order denying knowledge of any pending action to have Plaintiff removed to Colorado from Michigan. Plaintiff wrote more letters to the Colorado prosecutor and trial judge on February 14, and February 21, 2017, respectively, arguing that the pending period for retrial amounted to a detainer, and he demanded a speedy resolution. (El Paso Cnty. Order of Dismissal, ECF No. 1-1, PageID.46–48.) On March 27, 2017, Plaintiff filed a motion to dismiss the Colorado retrial under the speedy trial requirement of Colo. Rev. Stat. § 18-1-405(2). The trial court denied Plaintiff's motion, concluding that Plaintiff was unavailable, a determination the court subsequently concluded was erroneous. (*See* El Paso Cnty. Order of Dismissal, ECF No. 1-1, PageID.48–51.) During all of this period, however, the El Paso district attorney took no action to initiate the retrial

4

until a paralegal finally contacted the MDOC on June 7, 2017. After additional conversations, the district attorney issued a writ of habeas corpus on August 24, 2017, to have Plaintiff returned to Colorado for an appearance on October 2, 2017. (*Id.*, PageID.48.) Following briefing and a hearing on March 19, 2018, the El Paso trial court issued an order dismissing the case, concluding that Plaintiff's speedy trial right had been violated. The court held that the prosecutor was well aware of Plaintiff's location in Michigan during the entire period following the reversal of the Colorado Court of Appeals, especially in light of the multiple correspondences and motions submitted by Plaintiff, the fact that Plaintiff had been returned from the MDOC to be sentenced in Colorado, the fact that Plaintiff was returned to the MDOC after that to serve his Michigan sentence (of which the Colorado court had a copy), and the fact that no one even made a phone call to Michigan until more than three months after Plaintiff's renewed correspondence in February 2017. As a result, the court concluded, the prosecutor had not been diligent in making Plaintiff available. (*Id.*, PageID.50–51.)

In the instant case, Plaintiff complains that El Paso, Colorado, deputies took custody of him to return him to Colorado on September 25, 2017, the day before he was scheduled to be resentenced in Michigan. Plaintiff contends that his extradition to Colorado was not properly executed by way of a Colorado writ of habeas corpus, and he complains that his resentencing in Michigan was delayed for more than a year by the extradition. Plaintiff argues that all Defendants, including the former governors of Michigan and Colorado, the MDOC director and deputy director, the wardens of two Michigan prisons, the Muskegon County, Michigan, prosecutor, two El Paso, Colorado, district attorneys, the El Paso County sheriff, an El Paso County judge, and records clerks at two Michigan prisons all conspired to retaliate against Plaintiff for his successful criminal appeal in Michigan courts. Plaintiff also claims that Defendants deprived him of his right

to access the courts by impeding his attendance at the September 26, 2017, resentencing. In addition, he argues that Defendants violated his substantive and procedural due process rights by delaying the resentencing in Michigan. Further, Plaintiff asserts, Defendant Judge Schwartz acted outside his jurisdiction by declining to grant Plaintiff's March 2017 motion to dismiss. Moreover, Plaintiff contends that Defendants committed the Michigan torts of intentional infliction of emotional distress by extraditing him one day before resentencing, false imprisonment by holding him without proper authority in the custody of the El Paso sheriff for seven months, and abuse of process by manipulating the extradition for tactical advantage.

Plaintiff seeks a declaratory ruling that his rights were violated, an injunction barring Defendants from disregarding detainers from El Paso County, and compensatory and punitive damages.

II.     **Failure to state a claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at

678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

III. **Statute of limitations**

Plaintiff's complaint against many of the Defendants suffers from numerous defects, including the failure to allege personal jurisdiction, judicial immunity, the lack of respondeat superior liability, and conclusory allegations of fraud. However, given that the claims clearly are barred by the statute of limitations, the Court will address only that issue.

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268–69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* Mich. Comp. Laws § 600.5805(2); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th

7

Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984).  The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action.  *Collyer*, 98 F.3d at 220.[3]

Plaintiff's complaint is untimely.  He asserts federal claims arising not later than September 25, 2017, when he was taken into the custody of El Paso County deputies and transferred to Colorado.  Any federal conspiracy, denial of access to the courts, or denial of procedural or substantive due process occurred on or before that date.  Further, any abuse of process under Michigan law occurred by September 25, 2017.  The tort of abuse of process is subject to the same three-year period of limitations applied to federal civil rights claims.  *See Moore v. Mich. Nat'l Bank*, 117 N.W.2d 105, 107 (Mich. 1962).  And Plaintiff had reason to know of the "harms" done to him at the time they occurred.

As a result, Plaintiff's federal claims and state abuse-of-process claims accrued, at the latest, by September 25, 2017.  However, he did not file his complaint until May 2021, well past Michigan's three-year limit.  Moreover, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated.  *See* Mich. Comp. Laws § 600.5851(9).  Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations.  *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002).

---

[3] 28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990.  The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 42 U.S.C. §1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute.  *Id.* at 382.

A claim barred by the statute of limitations is subject to dismissal for failure to state a claim. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ."); *see also Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) (holding that if, on the face of a complaint, the allegations show that relief is barred by an affirmative defense (lack of exhaustion), the complaint is subject to dismissal for failure to state a claim) (citing *Jones*, 549 U.S. at 215); *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (when a complaint on its face is barred by the statute of limitations, it fails to state a claim).

IV. **Remaining state-law claims**

Plaintiff's remaining state-law claims—false imprisonment and intentional infliction of emotional stress—arguably may have continued beyond the September 25, 2017, accrual date for the federal claims. To the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over his remaining state-law claims, the Court declines to exercise jurisdiction. Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *See Experimental Holdings, Inc. v. Farris* 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims.") (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also Southard v. Newcomb Oil Co., LLC*, 7 F.4th 451, 455 (6th Cir. 2021) (citing *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) (recognizing that once a federal court no longer has federal claims to resolve, it "should not ordinarily reach the plaintiff's state-law claims)); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and

9

balance those interests against needlessly deciding state law issues." *Landefeld*, 994 F.2d at 1182; *see also Moon*, 465 F.3d at 728 ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues.") (internal quotations omitted). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012).

Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Accordingly, Plaintiff's state-law claims will be dismissed without prejudice.

V.     **Pending motion**

Plaintiff has filed a motion to appoint counsel. Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989). Appointment of counsel is a privilege that is justified only in exceptional circumstances.

In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. Here, where Plaintiff's claims were clearly articulated but meritless, exceptional circumstances did not warrant the appointment of counsel prior to the Court's initial review of the complaint. In addition, since the complaint fails to state a claim, Plaintiff's request for appointment of counsel is now moot.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's federal claims and his state-law claim for abuse of process will be dismissed with prejudice for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). His remaining state-law claims will be dismissed without prejudice, because the Court declines to exercise supplemental jurisdiction.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   December 15, 2021                     /s/ Hala Y. Jarbou
                                               HALA Y. JARBOU
                                               UNITED STATES DISTRICT JUDGE